IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-3354-G (BT) |
| | § | |
| UNITED STATES DEPT. OF | § | |
| JUSTICE BUREAU OF PRISONS, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed this complaint under the Federal Tort Claims Act ("FTCA"). He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendant is the United States Bureau of Prisons. The Court has not issued process pending judicial screening.

Plaintiff states that on February 26, 2016, while incarcerated at the Seagoville Federal Correctional Institution, Officer McNair escorted him past other inmates and told the other inmates, "Make room. Dead man

walking." (ECF No. 6 at 2.) Plaintiff states this comment caused him mental anguish, anxiety, and psychological trauma. After he exhausted his administrative remedies, Plaintiff filed this complaint seeking $250,000 in compensation.

## II.

At the time Plaintiff filed his complaint, he was a federal prisoner, and the Court granted him leave to proceed *in forma pauperis*. His complaint is therefore subject to screening under 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). *See also* 28 U.S.C. § 1915(e)(2)(B) (providing for screening of all *in forma pauperis* actions). Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

III.

The FTCA waives the sovereign immunity of the United States, subject to several exceptions not applicable here, for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where . . . a private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 484 (2006) (quoting 28 U.S.C. § 1346(b)(1)).

Under the FTCA, the United States must be the sole defendant. *See Freeman v. United States,* 556 F.3d 326, 335 (5th Cir. 2009); *McBarron v. Federal Bureau of Prisons,* 332 F. App'x 961, 964 (5th Cir. 2009). In this case, Plaintiff names the Bureau of Prisons as the sole defendant. His complaint should be dismissed for failure to name a proper defendant.

Moreover, even if Plaintiff properly named the United States as a defendant, his complaint is without merit. Plaintiff appears to allege a claim of intentional infliction of emotional distress. Under Texas law, a plaintiff claiming intentional infliction of emotional distress must prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by

the plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing RESTATEMENT (SECOND) OF TORTS § 46 (1965)). To be extreme and outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Conduct that is merely rude or insensitive or that amounts to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" does not rise to the level of "extreme or outrageous conduct." *GTE Southwest., Inc. v. Bruce,* 998 S.W.2d 605, 612 (Tex. 1999) (citations omitted). Here, Officer McNair's comment amounted to a rude or insensitive insult, rather than an atrocious comment utterly intolerable in a civilized society. Plaintiff has therefore failed to state a claim under the FTCA.

Finally, Plaintiff's complaint also is barred under 42 U.S.C. § 1997e(e). Under that statute, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" Claims of depression and mental distress are insufficient to support a claim of compensatory damages without a showing of physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (mental

anguish); *Stephens v. Yusuff*, 95 F. App'x 78, 78 (5th Cir. 2004) (per curiam) (mental suffering).  Plaintiff has failed to allege a physical injury caused by Officer McNair's statements.  Plaintiff's claim should therefore be dismissed.

IV.

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

May 2, 2018.

                                                _____
                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).