IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN WIAND, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 3:16-CV-3354-G (BT) |
| ) | |
| UNITED STATES DEPT. OF JUSTICE ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. The plaintiff filed objections, and the court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. For the following reasons, the objections are **OVERRULED**, the court **ACCEPTS** the findings, conclusions and recommendation of the United States Magistrate Judge, and the plaintiff's motion for leave to amend his complaint (docket entry 13), is **DENIED** as futile.

The plaintiff states that his complaint should not be dismissed because he filed a motion to amend his complaint to raise claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). The plaintiff alleges that Officer McNair shouted "Dead Man Walking" as the plaintiff walked past other inmates, and that McNair told the plaintiff that he used to work at Angola prison. The plaintiff also alleges

other guards called him "bag boy" due to his catheter, and that inmates called him "stinky."

The plaintiff's *Bivens* claims against Officer McNair are time-barred. The statute of limitations for a *Bivens* claim in Texas is two years. *Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE Ann. § 16.003(a) (West 2017). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Although the plaintiff does not state the date that officers called him "Bag Boy," or that inmates called him "Stinky," he alleges the incident with Officer McNair occurred on February 26, 2016. The plaintiff, however, did not raise this claim until he filed his motion for leave to amend on May 18, 2018. The plaintiff has also stated no basis for equitable tolling of the limitations period. This claim is therefore barred by the statute of limitations.

The plaintiff's *Bivens* claims are also without merit. Verbal abuse and threatening language do not give rise to a cause of action under *Bivens*. *Ponce v. Lucas*, 590 Fed. App'x. 444, 445 (5th Cir. 2015) (per curiam) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). The plaintiff's motion for leave to amend his complaint (docket entry 13) is therefore **DENIED**, and his objections are **OVERRULED**.

**SO ORDERED.**

May 29, 2018.

                                                /s/ A. Joe Fish
                                                **A. JOE FISH**
                                                **Senior United States District Judge**